**FILED**

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANICE MOTLEY, as Legal Guardian for Frank Harris, Jr., 604 Juneberry Court Bowie, Maryland 20821 ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No: |
| v. ) ) | |
| DISTRICT OF COLUMBIA, ) SERVE:  Mayor Adrian Fenty ) c/o Office of the Secretary ) Tabatha Braxton, Arltethia ) Thompson and Erica Easter ) 441 4th Street, NW ) 6th Floor South ) Washington, DC 20001 ) ) And ) ) Office of the Atty. General ) Darlene Fields ) 441 4th Street, NW ) Rm 419 ) Washington, DC 20001 ) ) Defendant. ) | Case: 1:07-cv-01669 Assigned To : Leon, Richard J. Assign. Date : 9/20/2007 Description: Civil Rights-Non-Employ. |

JURY ACTION

## NOTICE OF REMOVAL

Although not properly served, the District of Columbia received a copy of the Summons and Complaint in the above-captioned matter on or about September 5, 2007. In Count I of the Complaint, plaintiff asserts federal constitutional claims against the District under 42 U.S.C. § 1983. *See* Complaint, hereto attached.

According to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court.

1

Defendant District of Columbia hereby removes the above action pursuant to 28 U.S.C. §§ 1441 and 1446, from the Superior Court of the District of Columbia (C.A. No. 2007 CA 006122 B), filed on September 5, 2007, to this Honorable Court. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b).

In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

Patricia a. Jones (by M.P.B.)
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    Michael P. Ruee

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing notice of removal was mailed, postage

prepaid, this 20th day of September, 2007 to:

Joseph Cammarata, Esq.
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036
Attorney for Plaintiff

MICHAEL P. BRUCKHEIM
Assistant Attorney General

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**JANICE MOTLEY**, as Legal Guardian   :
for **FRANK HARRIS, JR.**   :
604 Juneberry Court   :
Bowie, Maryland 20821   :
  :
    Plaintiff,   :
  :
   v.   :   Case No.
  :
**THE DISTRICT OF COLUMBIA**   :
SERVE: Mayor Adrian Fenty   :
    c/o Office of the Secretary :
    Tabatha Braxton, Aritethia :
    Thompson and Erica Easter :
    441 Fourth Street, N.W.   :
    6th Floor South   :
    Washington, D.C. 20001   :
  :
    and   :
  :
    Office of the Atty. General :
    Darlene Fields   :
    441 Fourth Street, N.W.   :
    Room 419   :
    Washington, D.C. 20001   :
  :
    Defendants.   :

Case No. 06122-07

FILED
CIVIL ACTIONS BRANCH
SEP 0 5 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### COMPLAINT
### (Violation of U.S. Constitutional Rights to Equal Protection of Laws and Due Process)

COMES NOW the Plaintiff, Janice Motley, as Legal
Guardian for Frank Harris, Jr., by and through her attorneys,
Ira Sherman, Esquire, Joseph Cammarata, Esquire, and the law
firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and
respectfully represents as follows:



Case: 2007 CA 006122 B

1

07 1669
FILED
SEP 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JURISDICTION AND PARTIES

1.    This Court has jurisdiction of these causes of action because the actions complained of occurred in the District of Columbia.

2.    At all relevant times herein, Defendant District of Columbia ("D.C."), _inter_ _alia_, owned, leased, operated, supervised, funded and/or managed Saint (St.) Elizabeth's Hospital and the John Howard Pavilion in the District of Columbia for individuals with mental illness.

3.    The John Howard Pavilion, the forensic division of St. Elizabeth's Hospital, was to provide, _inter_ _alia_, custodial care, treatment and supervision to individuals with mental illness, such as Frank Harris, Jr.

4.    At all relevant times herein, Frank Harris, Jr., was a mentally ill citizen of the District of Columbia who resided at the John Howard Pavilion, after having been found Not Guilty by Reason of Insanity in July 1973 of two non-violent property crimes.

5.    While at John Howard Pavilion, Frank Harris, Jr. was required to have constant one-to-one supervision to protect him from harming himself and/or others.

2

6.    Frank Harris, Jr. was abused and neglected while in the custody, care and control of defendant and ultimately gouged out both of his eyes with his own hands on March 19, 2003.

7.    Plaintiff Janice Motley is the court-appointed Legal Guardian for Frank Harris, Jr. and files this action on his behalf. On October 4, 2004, Plaintiff Motley filed a related lawsuit against Defendant D.C. styled, <u>Janice Motley, as Legal Guardian for Frank Harris, Jr. v. The District of Columbia, Civil Action No.: 2004 CA 007620 B</u>, Calendar 10 (Judge Motley), in which Plaintiff Motley seeks compensation for the District of Columbia's negligent and reckless, actions and omissions that led to Mr. Harris' self-enucleation. (hereinafter "the Harris negligence action"). The Harris negligence action is set for trial on October 15, 2007.

8.    Defendant D.C., in answering the Complaint filed by Plaintiff Motley in the Harris negligence action, asserted "a set-off for all funds and services provided to plaintiff through Medicaid, public assistance, or other sources".

9.    On or about January 26, 2006, Defendant D.C., through its Department of Mental Health, sent to Plaintiff Motley two statements of account for Mr. Harris' room and board at St. Elizabeths.

3

10. The first statement was for Mr. Harris' room and board at St. Elizabeths from October 1, 1987 through March 18, 1992 in the amount of $91,134.

11. The second statement was for Mr. Harris' room and board at St. Elizabeths for the period March 19, 1992 through December 31, 2005 in the amount of $2,138,510.

12. The statement of account states that "Payment In Full Is Due Upon Receipt Of This Statement." See Exhibit 1, Statements of Account.

13. The District claims that Mr. Harris' debt to the District of Columbia for room and board continues to grow each day.

14. Members of the D.C. Council, in particular Chairman Vincent C. Gray and Councilmember At Large Phil Mendelson, wrote to Mayor Adrian Fenty urging Mayor Fenty to instruct the District's attorneys to affirmatively disavow the District's intention to assert the set-off claim in the Harris negligence action, to withdraw the bill sent to Mr. Harris' guardian, and to reaffirm the District's policy of not asserting liens when the District is the sole entity sued for negligence. See Exhibits 2 and 3, letters of Chairman Vincent Gray and Councilman At-Large Phil Mendelson, respectively.

15. The councilmembers reminded Mayor Fenty that Mayor Fenty advocated such a position when he was a councilmember in

2002, when he wrote that such claims are "hard to justify as a matter of public policy, public relations and agency accountability."

16.   Mayor Fenty, through his General Counsel Peter J. Nickles, responded by letter to the councilmembers' request by stating that pursuant to D.C. Code §24-501(f), the District is statutorily required to charge a mentally ill person, such as Frank Harris, with the expense of his support when he is confined to a hospital as a result of being acquitted of a criminal charge on the sole ground of insanity.

17.   The Mayor also stated through Mr. Nichols that "[t]he set-off asserted in [the Harris] case is mandatory and not as a result of an unfair litigation tactic."

18.   George Valentine, the District's Deputy Attorney General for Civil litigation, in a statement to The Washington Post also publically stated that the District's sending a bill to Mr. Harris' guardian was not a litigation tactic, by stating that "[t]o some people, it looks like we're trying to mitigate the process to counter a lawsuit, which we are not."

19.   Attorneys for Ms. Motley in the Harris negligence action have been told by an attorney representing the District that if Ms. Motley proceeds to trial and the jury awards Mr. Harris damages, then Mr. Harris will get no money after payment of the room and board bill, and that as a result Mr.

Harris "better take whatever money is offered by the District to settle the case."

20. Notwithstanding the District of Columbia's denials, upon information and belief, the set-off claim in the Harris negligence action is being asserted solely as a litigation tactic, in contravention of District of Columbia law and public policy, and in purposeful and intentional discrimination and/or retaliation against Mr. Harris who has filed suit against the District of Columbia for negligence, resulting in Mr. Harris being treated differently than other patients hospitalized at St. Elizabeths under circumstances similar to those of Mr. Harris.

21. Upon information and belief, other than in the Harris negligence action, the District of Columbia has not utilized D.C. Code §24-501(f) to bill a St. Elizabeths' patient either before or after the filing of the Harris negligence action, and/or only sent a bill when the District was sued for negligence by a patient at St. Elizabeths.

6

## COUNT I

### (Violation of Constitutional Rights - 42 U.S.C. §1983)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

22. At all relevant times herein, Frank Harris, Jr. was an adult citizen of the United States, and thus had clearly established rights under the United States Constitution. Frank Harris, Jr., _inter alia_, had a right under the Fifth Amendment of the United States Constitution to the equal protection and non-discriminatory administration of the laws and to have his life, liberty and property interests protected by due process of law.

23. At all relevant times herein, Defendant D.C. was a municipality, within the meaning of 42 U.S.C. §1983, which, _inter alia_, managed, operated, governed, funded, oversaw and supervised the taxpayer-funded St. Elizabeths Hospital, its John Howard Pavilion, and the Department of Mental Health. Defendant D.C. had authority over and could direct and instruct employees of the agencies that shared responsibility for asserting liens or set-offs for funds paid by Medicaid, public assistance or other sources including, but not limited to, the Department of Mental Health.

24. At all relevant times herein, Defendant D.C. was responsible for the overall operation and setting the policies of the Department of Mental Health and for the hiring, training, instruction, supervision and retention of all employees of the agencies that shared responsibility for asserting liens and/or set-offs for funds paid by Medicaid, public assistance or other sources including, but not limited to, the Department of Mental Health. Defendant D.C.'s duties included but were not limited to, inter alia, (a) applying the laws of the District of Columbia in a non-disparate and non-discriminatory manner commensurate with the Constitutional requirements of due process and equal protection of the laws; (b) promulgating and enforcing rules, regulations, guidelines, policies and procedures to ensure that the laws of the District of Columbia concerning Medicaid and other public assistance liens and set-offs, including but not limited to, D.C. Code §24-501(f), and D.C. Code § 21-586 which provides that a mentally ill person "shall pay the cost to the District of Columbia of the mentally ill person's maintenance" but restricts the definition of mentally ill person, pursuant to § 21-586(c) as, to "not include a person committed to a private or public hospital in the District of Columbia by order of the Court in a criminal proceeding," were administered in a non-disparate and non-discriminatory

8

manner; and (c) directing and controlling all agency operations.

25. At all relevant times herein, Defendant D.C. and its actual and/or apparent agents, servants and/or employees, including but not limited to those in the Department of Mental Health, were acting under the color of law of the District of Columbia.

26. At all relevant times herein, Defendant D.C. owed a continuing duty to reasonably ensure that the clearly established federal constitutional and civil rights of its citizens, including Frank Harris, Jr., were not violated. Defendant had a duty, _inter alia_, to reasonably ensure that its citizens enjoyed the non-disparate and non-discriminatory administration of the laws of the District of Columbia.

27. At all relevant times herein, Defendant D.C.'s actual and/or apparent agents, servants and/or employees, acting within the course and scope of their employment and under the color of law invoked upon them by the District of Columbia, intentionally or with reckless disregard, violated Frank Harris, Jr.'s clearly established federal constitutional and civil rights, including but not limited to, failing to administer the laws in a non-disparate and non-discriminatory manner by asserting a set-off pursuant to D.C. Code §24-501(f) in the Harris negligence action, despite, _inter alia_, a

9

statute prohibiting such an assertion, as well as the District of Columbia's own policy of not asserting such a set-off when the District of Columbia is the sole entity sued for negligence.

28.  At all relevant times herein, these intentional and/or reckless actions and omissions simultaneously constituted violations of Frank Harris, Jr.'s clearly established Fifth Amendment rights under the U.S. Constitution.

29.  At all relevant times herein, the contours of Frank Harris, Jr.'s Fifth Amendment rights were sufficiently clear that Defendant District of Columbia's actual and/or apparent agents, servants and/or employees knew or should have known that their actions and omissions violated those constitutional rights, in that a reasonable governmental official would know that such conduct violated these rights.

30.  As a direct and proximate result of Defendant District of Columbia's deliberate indifference to Frank Harris, Jr.'s constitutional rights and the resulting intentional and/or reckless violations of those clearly established rights by Defendant D.C.'s actual and/or apparent agents, servants and/or employees, Frank Harris, Jr.'s right to the equal protection of the laws was violated.

10

WHEREFORE, Plaintiff Janice Motley, as Legal Guardian for Frank Harris, Jr., demands judgment of and against Defendant, District of Columbia, in the full amount of Three Million Dollars ($3,000,000.00), plus pre-judgment interest and costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and that this Honorable Court issue an Order prohibiting the District of Columbia from enforcing its laws concerning Medicaid and/or other public assistance liens and/or set-offs in a discriminatory and disparate manner.

## COUNT II
### (Injunctive Relief)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

31. Defendant D.C. is attempting to assert a lien and/or set-off against Frank Harris, Jr. in an amount in excess of $2.2 million, as a result of the disparate and discriminatory application of D.C. Code §24-501(f), and/or in direct contravention of D.C. Code § 21-586.

32. If Defendant D.C.'s assertion of a lien and/or set-off against Mr. Harris, under such circumstances, is not enjoined, Frank Harris, Jr. will be irreparably harmed.

33. Plaintiff has a substantial likelihood of success on the merits of her causes of action because, <u>inter alia</u>, Defendant D.C.'s own law and public policy mandate that a lien or set-off not be asserted against Frank Harris, Jr.

34. Defendant D.C. has no legally cognizable interest in asserting a lien and/or set-off against Frank Harris, Jr., in that it is in violation of D.C. Code § 21-586 and its own policies, and therefore, Defendant will suffer no cognizable harm as a result of granting injunctive relief to the Plaintiff.

35. Granting injunctive relief will further the public interest because, <u>inter alia</u>, it will ensure the accountability of the District's agents, servants and employees, and its agencies for negligent conduct, it will provide protection to the District's wards, such as Frank Harris, Jr., who are the District's most vulnerable citizens, and it will foster full and complete access to justice.

WHEREFORE, Plaintiff Janice Motley, as Legal Guardian for Frank Harris, Jr., requests that this court enjoin Defendant, District of Columbia, from asserting a lien and/or set-off against Frank Harris, Jr., and for attorneys fees and costs.

## COUNT III
### (Punitive Damages)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

36. Defendant D.C. consciously and intentionally disregarded the Constitutional rights of Frank Harris, Jr. as aforesaid.

37. At all relevant times herein, Defendant D.C., acting by and through its officers, authorized and ratified the conscious and intentional Constitutional violations of Defendant's actual and/or apparent agents, servants and/or employees.

WHEREFORE, Plaintiff Janice Motley, as Legal Guardian for Frank Harris, Jr., demands judgment of and against the Defendant, District of Columbia, in the full amount of Three Million Dollars ($3,000,000.00), in punitive damages, plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN,**
  **CAMMARATA SIEGEL, P.C.**


Ira Sherman, Esquire
D.C. Bar No. 212175


Joseph Cammarata, Esquire
D.C. Bar No. 389254
The Law Building
    1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600


**JURY DEMAND**

   Plaintiff does hereby request a trial by jury as to all
issues triable herein.


Joseph Cammarata, Esquire


14

DEPARTMENT OF MENTAL HEALTH
ST. ELIZABETH HOSPITAL CASHIER'S OFFICE ROOM 127
2700 MARTIN LUTHER KING JR. AVE SE
WASHINGTON, DC 20032

## STATEMENT OF ACCOUNT

STATEMENT DATE:   01/28/2006

RESPONSIBLE PARTY: MS. JANICE MOTLEY
604 JUNEBERRY COURT
BOWIE, MD 20721

PATIENT NUMBER:   058349

PATIENT NAME:   HARRIS, FRANK B.

| DATE | DESCRIPTION | DAYS | CHARGES | PAYMENTS | BALANCE |
|---|---|---|---|---|---|
| 03/19/92 - 09/30/92 | ROOM/BOARD(ALL INCL.) @ 310.00 | 196 | $310.00 | | $60,760.00 |
| 10/01/92 - 02/28/95 | ROOM/BOARD(ALL INCL.) @ 450.00 | 881 | $450.00 | | $396,450.00 |
| 03/01/95 - 12/31/05 | ROOM/BOARD(ALL INCL.) @ 425.00 | 3956 | $425.00 | | $1,681,300.00 |
| | | | | | |
| INPATIENT STAY | | | | | |
| | | | | | |
| | TOTAL | | | | 2,138,510.00 |

AMOUNT DUE                                                    $2,138,510.00

PAYMENT IN FULL IS DUE UPON RECEIPT OF THIS STATEMENT.
MAKE CHECK PAYABLE TO:   DC TREASURER.
IF YOU HAVE ANY QUESTIONS, CALL LOLITA SUTTON AT (202) 645-9914

EXHIBIT

_____ 1

DEPARTMENT OF MENTAL HEALTH
ST. ELIZABETH HOSPITAL CASHIER'S OFFICE ROOM 127
2700 MARTIN LUTHER KING JR. AVE SE
WASHINGTON, DC  20032

**STATEMENT OF ACCOUNT**

STATEMENT DATE:    01/28/2008

RESPONSIBLE PARTY:  MS. JANICE MOTLEY
                    504 JUNEBERRY COURT
                    BOWIE, MD 20721

PATIENT NUMBER:    096349

PATIENT NAME:    HARRIS, FRANK S.

| DATE | DESCRIPTION | DAYS | CHARGES | PAYMENTS | BALANCE |
|------|-------------|------|---------|----------|---------|
| 10/01/87 - 10/02/91 | ROOM/BOARD(ALL INCL.) @ 56.36 | 1462 | 56.36 | | 82,396.00 |
| 10/15/91 - 03/18/92 | ROOM/BOARD(ALL INCL.) @ 56.36 | 155 | 56.36 | | 8,736.00 |
| | | | | | |
| OUTPATIENT STAY | | | | | |
| | TOTAL | | | | |
| | | | | | 91,134.00 |

AMOUNT DUE                                            | $91,134.00 |

Please make a check payable to: DC Treasurer for the above amount due.
If there are any questions, call Lolita Sutton (202) 645-9914.

# COUNCIL OF THE DISTRICT OF COLUMBIA
### THE JOHN A. WILSON BUILDING
### 1350 PENNSYLVANIA AVENUE, NW
### WASHINGTON, DC 20004

**VINCENT C. GRAY**
**CHAIRMAN**

August 23, 2007

The Honorable Adrian M. Fenty
Mayor
District of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Dear Mayor Fenty:

I have been informed the Office of the Attorney General is claiming a set-off of at least $2.2 million against any judgment rendered against the District by virtue of the District's negligence in its care of a mentally ill patient at St. Elizabeths Hospital.

In May 2002, you, along with all of the other members of the Council of the District of Columbia, wrote to then Mayor Williams urging him not to authorize the imposition of liens in cases where the District is being sued for negligence.  The members wrote that such "liens are hard to justify as a matter of public policy, public relations, and agency accountability."

In response to this letter, John A. Koskinen, then Deputy Mayor and City Administrator, wrote on May 20, 2002 that "the District will use its lien *only* defensively – that is, to protect the District's taxpayers from an unfair or excessive recovery sought by the estate representative and his or her lawyers *in situations in which recovery has already been obtained from a third party.*"

The matter at issue is fundamentally distinguishable from the only exception articulated by Mr. Koskinen for the District of Columbia asserting its lien – this is a case solely against the District of Columbia.  There is no third party claimed to be at fault and therefore no third party from whom the District of Columbia can claim the Plaintiff received an "unfair" or "excessive" recovery.

It is alleged that Frank Harris, Jr., a St. Elizabeths Hospital patient, lost his eyesight and is permanently blind as a result of gouging out his own eyes at a time when he was required to be in four-point restraints (arms and legs secured) with one-on-one supervision.  The District's lawyers defending the case, which is presently set for trial on October 15, 2007, have asserted a set-off for room and board for Mr. Harris from 1987 through December 31, 2005 in the amount of $2,229,644.00.  The set-off claim continues to grow after that date to present.  During the course of the litigation, Mr. Harris' guardian was sent a bill for the room and board.  Further, it is my understanding that the assertion of this set-off is the sole major impediment in the ability to settle the case.



TEL: 202-724-8032 • FAX: 202-724-8085 • E-MAIL: VGRAY@DCCOUNCIL

**EXHIBIT**

**2**



VINCENT C. GRAY
CHAIRMAN

Accordingly, if the District is found to have been negligent in its care and treatment of Mr. Harris, then the District's lawyers, contrary to present District policy, will offset the "room and board" bill against any judgment rendered against the District.

This, too, would be "hard to justify as a matter of public policy, public relations, and agency accountability." Given your track record of requiring and enforcing agency accountability, I cannot imagine you would permit the set-off in the Harris case. I urge you to immediately instruct the city's attorneys to affirmatively disavow the District's intention to assert the set-off claim, to rescind the bill sent to Mr. Harris' guardian for room and board, and to reaffirm the District's policy of not asserting liens under such circumstances as presented in the Harris case. I await your response.

Sincerely,

Vincent C. Gray

COUNCIL OF THE DISTRICT OF COLUMBIA
1350 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004

Phil Mendelson
Councilmember At-Large

Office: (202) 724-8064
Fax: (202) 724-8099

August 13, 2007

The Hon. Adrian M. Fenty
Mayor, District of Columbia
1350 Pennsylvania Avenue, NW
Washington  DC  20004

RE: *Estate of Frank Harris, Jr. v. D.C.*

Dear Mayor Fenty:

I have been approached by plaintiff's counsel regarding the District government's claim that a Saint Elizabeths' patient owes over $2.2 million for room and board. This is a legal strategy which I find offensive, and which councilmembers (including you) protested in May 2002 in connection with claims brought by the estates of six mentally retarded wards of the District who died in MRDDA homes. It is a strategy intended to discourage litigation against the District, for the bill can be paid only if the District is found to have been negligent.

The suit brought by the estate of Frank Harris, Jr. against the District concerns the care given to this St. Elizabeths patient, a schizophrenic. Mr. Harris managed to gouge his eyes out with his bare hands while under a physician's order to have constant one-to-one supervision and to remain in four-point restraints. As a result, he is permanently blind.

I understand that federal law and Medicaid policy allow the District to recover private assets that could have been used to offset the cost expended by Medicaid funds. Clearly, however, the District is entitled to use its discretion whether to pursue this approach.

It is not within the spirit of the Medicaid program, much less of fairness or common sense, for the District to: (1) provide negligent care; (2) pay damages as a result of that care; and (3) then receive full or partial reimbursement for its negligent care by reclaiming the damages. That would be the effect of the set-off being claimed by the District. I suppose the estate of Mr. Harris could litigate the claim, but this strikes me as mean-spirited: maybe the estate could win the civil suit, but their time and compensation will be used up through new litigation.

In February 2000, the District government took the position that the filing of a claim for reimbursement in a case such as this was ill-judged. In 2002, after protest by councilmembers, the District reaffirmed the position that the filing of set-off claims was not the right public policy. I urge you to again affirm this position, and to instruct the Attorney General to withdraw the $2.2 million bill – a bill that can be paid only if the District is indeed found negligent in how it cared for Mr. Harris.

Sincerely,

Phil Mendelson

EXHIBIT
3

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Janice Motley, as Legal Guardian for
Frank Harris, Jr.
604 Juneberry Court
Bowie, MD 20821                    *Plaintiff*

vs.                                                          Civil Action No. _____

The District of Columbia
Serve: Office of Attorney General
Darlene Fields                     *Defendant*
441 Fourth Street, N.W.
Room 419
Washington, D.C. 20001

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Joseph Cammarata, Esq.
Name of Plaintiff's Attorney

1232 Seventeenth Street, N.W.                   By _____
Address                                                         Deputy Clerk
Washington, D.C. 20036

(202) 659-8600                                     Date  9/5/07
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Janice Motley, as Legal Guardian
for Frank Harris, Jr.
604 Juneberry Court
Bowie, MD 20821

*Plaintiff*

vs.

Civil Action No. _____  0006122-07

The District of Columbia
Serve: Mayor Adrian Fenty
c/o Office of the Secretary
Tabatha Braxton, Arltethia *Defendant*
Thompson and Erica Easter
441 Fourth Street, N.W.
Room 419
Washington, D.C. 20001

**SUMMONS**

To the above named Defendant:

　　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Joseph Cammarata
Name of Plaintiff's Attorney

1232 Seventeenth Street, N.W.
Address
Washington, D.C. 20036

(202) 659-8600
Telephone

By _Thomas E. Wright_
Deputy Clerk

Date _9/5/07_

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Janice Motley, as Legal Guardian for Frank Harris, Jr.

Case Number: `C06122-07`

vs

Date: September 5, 2007

The District of Columbia

---

| | |
|---|---|
| Name: (please print) **Joseph Cammarata, Esq.** | Relationship to Lawsuit |
| Firm Name: **Chaikin, Sherman, Cammarata & Siegel, P.C.** | ☑ Attorney for Plaintiff |
| Telephone No.: (202) 659-8600 | ☐ Self (Pro Se) |
| Six digit Unified Bar No.: 389254 | Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury
Demand:$ _____   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: 04-7620 _____   Judge: Motley _____   Calendar #: 10

Case No.: _____   Judge: _____   Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☑ IF USED

CV-496/April. 07

# INFORMATION SHEET, Continued

| C. OTHERS | | |
|---|---|---|
| **I.**<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☒ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Co de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| **II.**<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28 -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

_____
Attorney's Signature

9- 5- 07
_____
Date

CV -496/April. 07



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JANICE MOTLEY
Vs.
THE DISTRICT OF COLUMBIA

C.A. No.    2007 CA 006122 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date: September 5, 2007
Initial Conference: 9:30 am, Friday, December 14, 2007
Location: Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Janice Motley, as Legal Guardian for Frank Harris, Jr.    88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph Cammarata, Esq.
The Law Building
1231 17th Street, NW
Washington, DC 20036
(202) 659-8600

## DEFENDANTS

District of Columbia    11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01669
Assigned To : Leon, Richard J.
Assign. Date : 9/20/2007
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ◎ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☒ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◎ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges in her complaint that the District of Columbia is violating her constitutional rights under 42 U.S.C. Section 1983.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 3,000,000    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 09/20/07    SIGNATURE OF ATTORNEY OF RECORD *Alexus P. Reece*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.